UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JEFFREY HIRES

                             Petitioner,

-against-                                      MEMORANDUM & ORDER

MARK L. BRADT, SUPERINTENDENT            11-CV-00270 (ENV)

                             Respondent.
----------------------------------------------------------------x

VITALIANO, D.J.

On July 31, 2012, Jeffrey Hires, currently incarcerated at Elmira Correctional Facility, submitted a *pro se* petition for a writ of habeas corpus. That same day, he filed a motion requesting the appointment of counsel. For the reasons discussed below, his motion is denied.

Unlike criminal cases, habeas corpus proceedings do not afford a state prisoner a constitutional right to representation by counsel. *See Wright v. West*, 505 U.S. 277, 293 (1992).[1] However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." Likewise, under 18 U.S.C. § 3006A(2)(B), a court may appoint counsel to represent a financially eligible habeas petitioner where it "determines that the interests of justice so require." Courts enjoy broad discretion in determining whether to appoint counsel for civil litigants, "subject to the requirement that it be guided by sound legal principle." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (internal quotations omitted). Moreover, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause," courts must carefully consider

---

[1] However, if an evidentiary hearing is necessary, Rule 8(c) of the Rules Governing § 2254 Cases in the United States District Courts requires a court to appoint counsel to represent a habeas petitioner who would otherwise qualify for representation under 18 U.S.C. § 3006A(2)(B).

1

whether a request for counsel is warranted. *Id.* at 172.

Accordingly, when considering such a request, the threshold inquiry under § 1915(e)(1) is whether there is or is likely to be merit to the petitioner's position. *See, e.g., Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986) (a district court must "first determine whether the indigent's position seems likely to be of substance" before appointing counsel); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (holding that "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor"). Only if this threshold requirement of substance is met should the court consider the following secondary factors:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62. Similar standards apply in determining whether, in the interest of justice, to appoint counsel for a petitioner in a habeas proceeding. *See, e.g., Zimmerman v. Burge*, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing *Cooper*, 877 F.2d at 172); *Cary v. Ricks*, No. 00-CV-8926, 2001 WL 314654, at *4 (S.D.N.Y. Mar. 30, 2001) (citing *Hodge*, 802 F.2d at 61-62).

Upon a preliminary review of the written submissions made thus far, the Court finds that petitioner has not satisfied, or is unlikely to satisfy, the threshold requirement of a meritorious case. Moreover, given these submissions, even if the threshold question were met, petitioner would still fall short of the secondary factors. There is no indication that he is unable to present the facts of his case or that the matter involves any particularly complex or novel legal issues. Finally, petitioner suggests no special reason why appointment of counsel in this case would be

more likely to lead to a just determination.

Under these circumstances, the Court finds that the interests of justice do not necessitate appointment of counsel to represent petitioner at this time. Accordingly, his motion is denied. He may renew his motion should circumstances change significantly

## CONCLUSION

For the reasons outlined above, petitioner's motion for appointment of counsel is denied.

SO ORDERED.

                                        s/ ENV

                              ERIC N. VITALIANO
                              United States District Judge

Dated: Brooklyn, New York
       March 31, 2013