| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| JEFFREY HIERS,<br><br>         Petitioner,<br><br> – against –<br><br>MARK L. BRADT,<br><br>         Respondent. | **MEMORANDUM & ORDER**<br><br>11-CV-0270 (ERK) |

KORMAN, *J.*:

  Petitioner Jeffery Hiers was charged with robbing a grocery store in Jamaica, Queens. Testimony at Hiers's trial indicated that while in a highly intoxicated state Hiers shot one employee and was himself shot by a second employee. (*See* Mem. Opp'n Habeas Pet., ECF No. 22, 3.) Following a jury trial and conviction, Hiers was sentenced as a second violent felony offender to "a determinate sentence of incarceration of twenty-four (24) years on the Assault and Robbery counts, fourteen (14) years on the Criminal Possession of a Weapon in the Second Degree, six (6) years on one of the Criminal Possession of a Weapon in the third Degree and an indeterminate sentence of three to six (3-6) years on the second Criminal Possession of a Weapon in the Third Degree. All the sentences to run concurrently." (*See* Am. Pet., ECF No. 22, 18-19.)

  On his direct appeal, Hiers's attorney argued that Hiers's sentence was excessive and that the prosecutor's summation was improper. In a supplemental *pro se* brief, Hiers also argued that he was denied the effective assistance of trial counsel. *See People v. Hiers*, 64 A.D.3d 616, 616 (N.Y. App. Div. 2d Dep't 2009). The Appellate Division held that the sentence was not excessive, that the claims regarding the prosecutor's improper summation were unpreserved, and

that Hiers's ineffective assistance claims were without merit. *Id.* The Court of Appeals denied Hiers's application for leave to appeal. *People v. Hiers*, 13 N.Y.3d 836, 836 (2009).

Then, on January 7, 2011, Hiers filed in this District a petition for a writ of habeas corpus, which asserted six grounds for relief. The first four grounds argued ineffective assistance of trial counsel. The fifth argued improper prosecutor summation, and the sixth argued that Hiers's sentence was excessive. (*See* Habeas Pet., ECF No. 1, 5-6.) On February 10, 2011, Judge Vitaliano granted Hiers's motion to stay his petition in order to exhaust various state remedies. (Mem. & Order, ECF No. 5, 1-2.) Hiers then filed Section 440.10 and *coram nobis* motions on February 14, 2011 and May 7, 2011, respectively. (Am. Pet. at 18, 23.) His Section 440.10 motion argued ineffective assistance of trial counsel, prosecutorial misconduct, false testimony, and Fourth Amendment violations. The trial court denied Hiers's motion in a brief written opinion that discussed only Hiers's ineffective assistance of counsel claims. (*Id.* at 19-21). The Appellate Division denied leave to appeal. (*Id.* at 24.) Hiers's *coram nobis* motion argued that appellate counsel was ineffective in failing to argue that trial counsel was ineffective. The Appellate Division eventually denied this motion on the merits, and on June 29, 2012 the Court of Appeals denied Hiers's application for leave to appeal. *People v. Hiers*, 19 N.Y.3d 961, 961 (2012).

On July 23, 2012, Hiers filed his amended habeas petition, which asserts ten grounds for relief—the six from his original petition plus four more: (i) trial counsel's failure to investigate circumstances surrounding his confession; (ii) false testimony by an investigating detective as well as "the entering of [Hiers's] place of residence without a warrant and the use of coercive tactics in order to compel [] a statement"; (iii) prosecutorial misconduct in eliciting false

2

testimony from a victim; and (iv) ineffective assistance of appellate counsel for failing to argue that trial counsel was ineffective. (*See* Am. Pet. at 6-10, 11.)

Judge Vitaliano reopened Hiers's case on April 2, 2014. On April 9, 2014, Hiers filed a motion to stay his amended habeas petition so that he may again return to state court and exhaust a newly discovered eleventh ground for relief—namely, that the trial court abused its discretion in failing to order *sua sponte* a competency hearing. (*See* Mem. Supp. Mot. Stay, ECF No. 34, 1-2). The case has since been transferred to me, and the amended petition and motion to stay remain undecided.

## DISCUSSION

### I. *Grounds One, Two, Three, and Four (Ineffective Assistance of Trial Counsel)*

The first three grounds in Hiers's amended petition assert ineffective assistance of trial counsel based on specific instances of error. The fourth ground asserts ineffective assistance of trial counsel based on the "accumulative effects" of these errors. AEDPA deference applies to all of these claims because either the trial judge or the Appellate Division decided each of them on the merits.

To establish ineffective assistance of counsel under Supreme Court precedent, defendants must show that (i) "counsel's representation fell below an objective standard of reasonableness" and that (ii) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The first prong requires that courts recognize counsel's "wide latitude" in making tactical decision and imposes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong requires that defendants "shows that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 694.

In *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011), the Supreme Court addressed the applicability of AEDPA deference as applied to claims of ineffective assistance of counsel under *Strickland v. Washington*, 566 U.S. at 687-88. Recognizing that AEDPA and *Strickland* are both "highly deferential" on their own, the Supreme Court observed that together they are "doubly so." *Harrington*, 131 S.Ct. at 788. Thus, the question is not "whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

There is a reasonable argument here that Hiers's trial counsel satisfied *Strickland*'s deferential standard. Indeed, the record reflects that trial counsel provided Hiers with meaningful representation. Counsel conducted a spirited cross-examination of two victims, during which they admitted to a number of wrongdoings tending to support Hiers's defense. (*See, e.g.*, Trial Tr. at 368-70, 433.) Throughout the trial, counsel objected to numerous questions posed by the prosecutor and ultimately argued to the court that the State's evidence was insufficient to establish proof beyond a reasonable doubt. (*See, e.g.*, *id.* at 572; *see id.* at 675.) There are many other instances of effective advocacy.

As for Hiers's first instance of alleged error, he claims that trial counsel should have sought a mental examination to determine his competency to stand trial. New York law defines an "incapacitated person" as one who cannot understand the proceedings against him or assist in his own defense. *See* N.Y. C.P.L. § 730.10(1). The facts here reflect that trial counsel was not unreasonable in failing to request an examination. Indeed, the record reveals a number of instances where Hiers understood the proceedings against him and effectively assisted in his own defense. For example, Hiers provided coherent and exculpatory testimony at trial, including a detailed account regarding his intoxication at the time of the offense as well as a step-by-step

explanation of his thoughts and actions during those periods when he waived a gun in the air. (Trial Tr. at 560, 577.) During a pre-trial hearing, Hiers requested a copy of a video recording that showed him committing the crime, stating that he needed the complete recording because it showed he lacked intent. (Proceedings July 21, 2005 Tr., at 2-3.) Throughout that same hearing, Hiers also made several comments to the judge indicating his understanding of the proceedings—for example, after the judge concluded that Hiers had knowingly waived his *Miranda* rights, Hiers responded, "No I didn't." (*Id.* at 73-74.)

Hiers next claims that trial counsel failed to understand the difference between "the affirmative defenses of intoxication and mental disease." What the record actually reflects is trial counsel's attempt to couple Hiers's intoxication with Hiers's somewhat fragile state of mental health, so as to depict the exacerbated effects of Hiers's drug use in negating intent. (*See* Trial Tr. at 688.) That counsel chose this approach over another is a tactical decision that I cannot call into question. *See Gssime v. Greiner*, No. 02-cv-4602, WL 23185772, at *16 (E.D.N.Y. Oct. 29, 2003) (citing cases stating that defenses such as intoxication present difficult tactical questions).

Hiers's third instance of error alleges that trial counsel failed to "inform [Hiers] of the purpose and consequences of an [*Antommarchi* waiver]." (Am. Pet. at 7.) "*Antommarchi*" represents the state-law right to be present at substantive sidebar conferences with prospective jurors—in other words, those conferences regarding a prospective juror's background and ability to weigh evidence, as opposed to those conferences regarding only a prospective juror's physical impairments or work commitments. *See People v. Antommarchi*, 80 N.Y.2d 247, 250 (1992). Because the "Federal Constitution generally does not require a defendant's presence" at even substantive sidebar conferences during voir dire, standalone claims based on *Antommarchi* are

generally not cognizable on habeas review. *See Morales v. Artus*, No. 05 Civ. 3542, 2006 WL 3821488, at *17 (S.D.N.Y. Dec. 28, 2006) (collecting cases including *United States v. Feliciano*, 223 F.3d 102, 111 (2d Cir. 2000)). Nevertheless, if a defendant was not advised of his state-law right to be present, that defect may provide a basis for a federal ineffective assistance claim.

In the present case, Hiers does not allege that he was not advised of his right to be present. Indeed, Hiers admits that trial counsel and the trial judge both advised him of that right. (Am. Pet. at 7.) Notwithstanding that concession, Hiers claims that the advice he received was inadequate because trial counsel explained to Hiers that if Hiers waived his *Antommarchi* rights "we could get voir dire over faster." (*Id.*) Even if this claim is correct, such an error would not constitute structural error and would be subject to harmless error analysis. *Feliciano*, 223 F.3d at 111-12. Harmless error analysis here would involve one of the two overlapping standards prescribed in *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993) or the second prong of *Strickland*, 466 U.S. at 687-88. Under these standards, the issue is whether there is a reasonable probability that the error affected the outcome of the trial. Of course, if it is *Strickland* that applies, then the "doubly" deferential standard set out earlier in *Harrington* would apply.

Nothing suggests that Hiers's absence at sidebar conferences with prospective jurors created a reasonable probability that the result of his proceedings would have been different. In fact, the circumstances presented here are nearly identical to those summarized in *Sanchez v. Duncan*, 282 F.3d 78, 82 (2d Cir. 2002), as an example of harmless error within the *Antommarchi* context: "(1) [Hiers was] present in the courtroom for the entire jury selection process; (2) most of the questions were answered by the jurors in open court; (3) [Hiers's] counsel participated in the bench conferences and [Hiers] had the opportunity to consult with [] counsel at any time during the limited bench questioning; and (4) [at most] only two potential

jurors who came to the bench for [substantive] sidebar conference[s] were selected to serve on the jury." (Proceedings Tr. at 15-283.)

Hiers's fourth ground for ineffective assistance references the "accumulative effect" of trial counsel's errors. (Am. Pet at 7.) Because I find no specific instance of ineffective assistance, this fourth ground is without merit.

## II.    *Ground Five (Improper Prosecutor Summation)*

Hiers's fifth ground for relief rests on the prosecutor's supposedly improper remarks during jury summation. The Appellate Division rejected this claim on the ground that it was unpreserved and therefore procedurally forfeited:

> [Hiers's] contentions with respect to the comments made by the prosecutor during summation are unpreserved for appellate review since [Hiers] either failed to object to them or, after an objection was sustained, failed to either request further curative instructions or timely move for a mistrial based on those comments, and we decline to review them in the exercise of our interest of justice jurisdiction.

*People v. Hiers*, 64 A.D.3d at 616.

Barring some exceptions set out below, courts may not grant federal writs of habeas corpus when the underlying conviction rests on an independent and adequate state law basis, such as a procedural forfeiture. *See Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *Sellan v. Kuhlman*, 261 F.3d 303, 311 (2d Cir. 2001). To constitute an independent and adequate state law basis, the relevant state court decision must first contain a "plain statement" that the state court is relying on a state procedural rule in deciding the claim. *See Harris*, 489 U.S. 263-65. Second, the state court in question must "regularly follow" that state procedural rule, and the procedural rule must be "firmly established." *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011). New York courts "regularly follow" their "firmly established" rule regarding

preservation, notwithstanding that they may sometimes invoke an "interest of justice" exception. *Richardson v. Greene*, 497 F.3d 212, 219 (2d Cir. 2007). Thus, because the standard for enforcing a procedural forfeiture has been met in this case, Hiers's claim arguing improper prosecutor summation cannot provide a basis for habeas corpus relief unless one of two possible exceptions applies: (i) a showing of cause and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977); or (ii) a showing that the alleged "constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense," *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (internal quotations omitted).

I find neither actual prejudice nor a reason to believe that Hiers is actually innocent. Even on direct review the Second Circuit has observed: "It is a 'rare case' in which improper comments in a prosecutor's summation are so prejudicial that a new trial is required." *United States v. Rodriquez*, 968 F.2d 130, 142 (2d Cir. 1992). The hurdle that a defendant must overcome in order to show actual prejudice in a habeas corpus proceeding is even greater. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642-43 (1974). Indeed, under the harmless error standard articulated in *Brecht v. Abrahamson*, 507 U.S. at 629-30, the issue is whether there is a reasonable probability that, but for the allegedly improper summation, the petitioner would have been acquitted. My reading of the record indicates that this standard has not been met. The evidence in this case was overwhelming and included a video recording of the crime as well as testimony from two victims, both of whom observed the commission of the crime and knew the defendant from prior interactions. (Trial Tr. at 561, 683, 734). While Hiers claimed lack of intent at trial, that claim was largely inconsistent with the victims' testimony and the video recording as described in the trial transcript at pages 563-70. (*See also* Aff. & Mem. Opp'n

Habeas Corpus Pet. at 33 (describing video recording)). This lack of intent argument was also inconsistent with Hiers's post arrest statements as quoted in the trial transcript at 466-68.

Further supporting the lack of prejudice, nearly all of defense counsel's objections to the prosecutor's summation were sustained, (*see, e.g.*, Trial Tr. at 721), and the procedural default, if any, was the failure of Hiers's trial counsel to ask for curative instructions or to move for a mistrial. Nevertheless, the trial judge did instruct the jury to be "impartial and fair" in its judgment, and "not [to] let sympathy or prejudice sway your minds in any way in analyzing the testimony. Decide this case on the evidence and under the law as I have given it to you." (*Id.* at 764.) Significantly, there is every indication that the jury followed these instructions. During deliberations, the jury sought instructions on the issue of intent and requested government Exhibits 8 and 9, which contained Hiers's post arrest statements, both of which were inconsistent with a lack of intent defense. (*Id.* at 465; 769-70)

### III. *Ground Six (Excessive Sentence)*

The sixth ground in Hiers's amended petition claims that his sentence is excessive. This ground is not cognizable here, since Hiers's sentence is within the range prescribed by New York law. Subject to limited exceptions not applicable here, "[n]o federal constitutional issue is presented where the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992).

### IV. *Grounds Seven, Eight, Nine, and Ten (Ineffective Assistance of Trial and Appellate Counsel; False Testimony; and Prosecutor Misconduct)*

Under AEDPA, Hiers had to file his petition for a writ of habeas corpus within one year and ninety days after the Court of Appeals denied leave to appeal on October 16, 2010. *See* 28 U.S.C. § 2244(d)(1). Thus, Hiers had to file his petition by January 16, 2011. Hiers timely filed his original petition on January 7, 2011. Nevertheless, after January 16, 2011, only claims that

9

related back to Hiers's timely filed petition could have been added by way of amendment. Or as the Supreme Court succinctly stated: "So long as the original and amended petition state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 657-58 (2005). A claim does not relate back merely because it arises out of the same trial, convictions, or sentence. Rather, relation back is appropriate only where the new grounds for relief are of the same "type and time" as those previously asserted. *Id.* at 650, 662.

Hiers did not raise grounds seven through ten of his amended petition until July 23, 2012, the date on which Hiers filed his amended petition. These grounds are time-barred unless they relate back to Hiers's original petition. A careful examination of grounds seven through ten demonstrates that they do not relate back. Indeed, while Judge Vitaliano stayed Hiers's original petition, that stay only had the effect of delaying a decision on those claims asserted in the original petition. If one or more of those claims had not been exhausted, the stay would have afforded Hiers the opportunity to exhaust them. If instead of staying the original petition, Judge Vitaliano had dismissed it on the ground that it contained both exhausted and unexhausted claims, there was considerable risk that a newly filed petition would have been time-barred. This is so because the period of time in which the original petition was pending did not toll the statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). The stay did no more than put Hiers in the same position as the petitioner in *Felix*, 545 U.S. at 657-58, who filed a timely petition and then sought to amend with additional claims that did not meet the standard for relation back set out in that case. Accordingly, I proceed to address the claims Hiers asserts in his amended petition to determine whether they relate back to any of the claims asserted in his original petition.

The seventh ground for relief asserted in Hiers's amended petition is based on trial counsel's failure to "investigate and prepare" for the suppression of Hiers's "voluntary statements." (Am. Pet. at 7.) This ground for relief is dissimilar to those ineffective assistance claims that Hiers asserted in his original petition (*i.e.*, failure to request a mental examination, to "understand the difference between [] intoxication and mental disease," and to provide information regarding the consequences of an *Antommarchi* waiver). In fact, Hiers's original petition does not so much as mention the subject of "voluntary statements." This seventh ground therefore does not relate back. *See Soler v. United States*, No. 10 Civ. 4342, 2010 WL 5173858, at *4 (S.D.N.Y. Dec. 20, 2010) ("Indeed even an ineffective assistance of counsel claim, when alleging a different ground for ineffective assistance, does not relate back to an earlier ineffective assistance claim.").

The eighth ground in Hiers's amended petition alleges false testimony by an investigating officer and further raises Fourth and Fifth Amendment issues arising from law enforcement's entrance to Hiers's "residence without a [] warrant and the use of coercive tactics [] to compel . . . a statement." (Am. Pet. at 8.) Hiers's original petition does not discuss an investigating officer's false testimony nor any of the alleged circumstances quoted above. This eighth ground therefore does not relate back. *Cf. Capita v. Mazzuca*, No. 04-cv-4327, 2007 WL 1695551, at *3 (E.D.N.Y. June 7, 2007) (Fourth Amendment claims and claims based on "jury instructions, prosecutorial misconduct, [and] sentencing" were not sufficiently similar for relation back). Moreover, Fourth Amendment violations are not cognizable on habeas corpus review where, as here, the defendant had a full and fair opportunity to litigate his fourth amendment issue in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976).

Ground nine of Hiers's amended petition alleges that the prosecutor knowingly elicited false testimony from a victim. (Am. Pet. at 8-9.) But Hiers's original petition discusses only the prosecutor's improper jury summation—*i.e.*, calling Hiers a "hustler" and asking the jury to "do the right thing." (Habeas Pet. at 5-6.) The knowing elicitation of false testimony is a discrete issue involving different facts, parties, and stages of the trial. Hiers's ninth ground thus does not relate back. *Cf. Aguiar v. United States*, No. 01 CV 4177, 2010 WL 1608113, at *1-3 (E.D.N.Y. April 16, 2010) (claim that court knowingly permitted false testimony did not relate sufficiently with allegation that court imposed unlawful sentence).

The amended petition's tenth ground does not relate back because it is based on appellate counsel's failure to argue trial counsel's ineffectiveness. (Am. Pet. at 9.) This is wholly divorced from the claims Hiers asserted in his original petition, none of which address appellate counsel. *See Diaz v. Graham*, No. CV-07-5379, 2011 WL 1303924, at *3 (E.D.N.Y. March 31, 2011) (ineffective appellate counsel claims did not relate back to ineffective trial counsel claim). In any event, the Appellate Division denied Hiers's *coram nobis* motion on the merits, triggering AEDPA deference. And as discussed earlier, Hiers's claims regarding trial counsel's ineffectiveness are meritless under AEDPA. Thus, any claim that appellate counsel failed to argue trial counsel's ineffectiveness is necessarily meritless.

The four new grounds asserted in Hiers's amended petition are untimely and do not relate back. They are therefore time-barred under AEDPA.

V. *Motion to Stay*

I deny Hiers's motion to stay his amended petition. Courts may grant motions to stay habeas petitions only in the "limited circumstances" where there exists "good cause." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). "'Good cause' arise[s] from something external, and not

fairly attributable, to the petitioner." *Aessa v. Annetts*, No. 06 CV 5830, 2007 WL 330296, at *2 (E.D.N.Y. Jan. 30, 2007) (collecting cases). Thus, a petitioner's mere discovery of a new ground for constitutional relief is not good cause. *See, e.g.*, *Spells v. Lee*, No. 11-cv-1680, 2012 WL 3027540, at *7 (E.D.N.Y. May 23, 2012) (petitioner's "argument that he is 'not versed in the law' is not sufficient to constitute good cause under [] *Rhines*"); *Ortiz v. Heath*, No. 10-cv-1492, 2011 WL 1331509, at *15 (E.D.N.Y. April 6, 2011) (failure to exhaust because petitioner was "unschooled in legal intricacies" is not good cause).

Hiers requests a stay based on his recent discovery that New York trial courts may *sua sponte* order competency hearings. This discovery occurred "by chance" due to Hiers's contact with a "pro-se litigant employed by [Hiers's correctional] facility to assist inmates in legal research." (*See* Mem. Supp. Mot. Stay at 2.) This chance discovery is not good cause. Jailhouse lawyers frequently conceive of new avenues for undermining sentences and jury verdicts, and such an occurrence standing alone cannot reasonably constitute a rare or "limited circumstance" within the scope of *Rhines*. To hold otherwise would work to foster rather than suppress the evils of "delay and piecemeal litigation" that Congress sought to remedy in enacting AEDPA. *See Duncan v. Walker*, 533 U.S. 167, 180 (2001).

In any event, granting Hiers's motion to stay would be futile because, as discussed earlier, only claims that relate back to Hiers's original petition are timely. This new eleventh claim does not relate back and would be time-barred.

## VI. *Hiers's Recent Filing*

On October 24, 2014, I granted Hiers 30 days in which to file a reply memorandum in response to the State's memorandum in opposition to Hiers's petition for a writ of habeas corpus. (ECF No. 47.) On November 18, 2014, Hiers filed a 190 page memorandum citing approximately 240 cases. (ECF No. 48.) Rather than a reply to the State's memorandum,

13

Hiers's new document appears to be an entirely new petition for a writ of habeas corpus. (*Id.* at 1a.) Without asserting new arguments, the new document rehashes in great detail all of those grounds for relief which Hiers previously asserted and which I reject for the reasons set forth earlier. (*See id.* at 23a-24a.) Again, Hiers's new document does not appear to assert any new grounds for relief. Nevertheless, even if the new document did assert new grounds for relief, those grounds would not be cognizable due to their untimeliness and their failure to relate back to Hiers's original petition, as discussed earlier.

## CONCLUSION

The petition is denied. I also decline to issue a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
December 3, 2014

_____
Edward R. Korman
Senior United States District Judge

14